**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARRELL DONTEE FENNER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-2393** |
| **v.** | : | **(JUDGE MANNION)** |
| **VILEE HANNAH,** *et. al.* | : | |
| **Defendants** | : | |

**MEMORANDUM**

In this motor vehicle accident case, the defendants filed a motion to dismiss the plaintiff's claims for punitive damages pursuant to Fed. R. Civ. P. Rule 12(b)(6), and a motion for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e). (Doc. 15). The parties filed a stipulation agreeing to the dismissal of the plaintiff's claims for punitive damages. As such, the defendants' motion to dismiss the punitive damages claims shall be denied as moot. The defendants' motion for a more definite statement regarding plaintiff's amended complaint, (Doc. 10), is presently pending before the court.

**I.    BACKGROUND**

This case arises out of a motor vehicle accident on June 22, 2015 in the parking lot of the Pilot Travel Center truck stop located on Route 315 in Pittston Township, Luzerne County, Pennsylvania. The plaintiff, Tarrell Dontee Fenner, was sitting in his parked tractor trailer, which was owned by

Bekins A-1 Movers, Inc., when the defendant, Vilee Hannah, drove his tractor trailer into the rear of plaintiff's tractor trailer while trying to exit the truck stop. Hannah was working for defendant Western Express, Inc. ("Western Express") at the time of the incident and his tractor trailer was owned by Western Express. The plaintiff alleges that he suffered various physical and mental injuries from the accident that are permanent and require ongoing treatment. He also alleges that he has sustained damages due to the defendants' negligence, including medical expenses and loss of earning.

## II.   PROCEDURAL HISTORY

This case was commenced on December 14, 2015, when the plaintiff filed a complaint, through counsel, against defendants Hanna and Western Express. (Doc. 1). On February 4, 2016, the defendants filed a motion to dismiss the plaintiff's claims for punitive damages pursuant to Fed. R. Civ. P. Rule 12(b)(6). (Doc. 6). The defendants filed their brief in support. (Doc. 9). In response, the plaintiff filed an amended complaint on February 22, 2016. (Doc. 10). Thus, the court dismissed without prejudice the defendants' partial motion to dismiss the original complaint. (Doc. 11).

On March 7, 2016, the defendants filed a motion to dismiss the plaintiff's claims in his amended complaint for punitive damages pursuant to Fed. R. Civ. P. Rule 12(b)(6), and a motion for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e). (Doc. 15). The defendants attached a copy of the

Pittston Township police report from the accident. (Doc. 15-2). The defendants filed their brief in support on March 18, 2016. (Doc. 18). On June 9, 2016, both counsel filed a stipulation to amend plaintiff's amended complaint. (Doc. 20). The parties stipulated that plaintiff's claims for punitive damages contained in Counts 3 and 4 of the amended complaint, (Doc. 10), should be dismissed without prejudice. (Doc. 20). The parties also stipulated that the plaintiff's allegations of "gross," "wanton" and/or "reckless conduct" throughout the amended complaint should be stricken without prejudice. On June 9, 2016, the court approved of the stipulation. (Doc. 21).

As such, the defendants' motion to dismiss the punitive damages claims shall be denied as moot. The defendants' motion for a more definite statement with respect to the amended complaint is still pending before the court. To date, the plaintiff has not filed his brief in opposition to the defendants' motion for a more definite statement and the time within which his brief was due has expired.[1]

The amended complaint alleges four claims. Counts One and Two assert causes of action against Hannah and Western Express, respectively,

---

[1] Under Local Rule 7.6, M.D.Pa., the plaintiff's failure to file his brief in opposition to the defendants' motion for a more definite statement provides that he shall be deemed as not opposing the motion. Regardless, the court finds that in the interest of moving this case forward and in light of the court's recent extensions of the case management deadlines, (Doc. 30), including a new discovery deadline of June 30, 2017, the defendants will be able to submit discovery requests to clarify the paragraphs which they maintain are deficient.

for negligence. In count Two, the plaintiff alleges that Hannah was Western Express' employee and acting within the scope of his employment at the time of the accident. "A claim of vicarious liability against a principal is indivisible and inseparable from the claim against the agent because the claim is based on one indivisible act of wrongdoing for which both the principal and the agent are liable." Maloney v. Valley Medical Facilities, Inc., 984 A.2d 478, 491 (Pa. 2009). Under a theory of vicarious liability, it is as if Western Express was operating the vehicle and can be held liable for the actions of its employee. *See* Seamans v. Tramontana, 2013 WL 5728670 (M.D.Pa. Oct. 22, 2013). Counts Three and Four asserted claims for punitive damages against each defendant. However, as stated, the claims for punitive damages have been dismissed without prejudice.

This court's jurisdiction is based on diversity under 28 U.S.C. §1332(a).

## III.   STANDARD OF REVIEW

The defendants' motion for a more definite statement is brought pursuant to Fed. R. Civ. P. Rule 12(e). Rule 12(e) allows the court to order a more definite statement when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, without prejudice to itself." Pozarlink v. Comelback Assoicates, Inc., 2012 WL 760582, *2 (M.D.Pa. March 8, 2012)(citations omitted).

**IV.     DISCUSSION**

　　A. Rule 12(e) Motion for a More Definite Statement

　　The defendants move for a more definite pleading stating that several paragraphs of the plaintiff's amended complaint contain allegations that are so vague and ambiguous that they cannot prepare a defense to them. The defendants specifically cite to paragraphs 22(f), 22(n), 26(f), 26 (n), 27(l), 30, 33, 34 and 35. The defendants state that these paragraphs either vaguely allege that they failed to exercise a reasonable degree of care or that they were negligent for violating unspecified Pennsylvania statutes and regulations, unspecified Township ordinances and unspecified federal regulations. The defendants also state that paragraphs 22(z), 26(z) and 27 (q) are deficient since they merely allege that defendants were negligent in "acts or omissions as shall be discovered during the course of discovery." The defendants seek the court to require the plaintiff to re-plead the allegations in the stated paragraphs or to remove the allegations from his amended complaint.

　　The court finds that in reading all of the stated paragraphs together with the allegations set forth in the prior and subsequent paragraphs of the amended complaint they are sufficiently definite to preclude this court from requiring a more definite statement. *See Seamans, supra*. Read in conjunction and as a whole, the amended complaint is a general claim for negligence based on an accident that occurred in Pittston Township,

Pennsylvania. Even after the changes instituted by Ashcroft v. Iqbal, 556 U.S. 662 (2009), the pleading must be so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed to require a more definite statement. Pozarlik, 2012 WL 760582 at *2; *Seamans, supra*. All the statements in the amended pleading are sufficiently clear and intelligible. The defendants will not be prejudiced by responding to these allegation. Granting the motion would not "circumscrib[e] the scope of discovery or defin[e] the issues" any more clearly. Hick v. Arthur, 843 F.Supp. 949, 959 (E.D.Pa. 1994). As such, the defendants' motion for a more definitive statement, (Doc. 15), is **DENIED**.

## V.   CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the punitive damages claims, (Doc. 15), is **DENIED AS MOOT**. The defendants' motions for a more definite statement is **DENIED**. The defendants are directed to file their answer to the remaining claims in plaintiff's amended complaint, Counts One and Two, within 14 days. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 22, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2393-01.wpd